## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| DWAYNE L. CALLOWAY, Plaintiff | CIVIL ACTION NO. 1:19-CV-148-P |
| VERSUS | JUDGE DEE D. DRELL |
| WINNFIELD CORRECTIONAL CENTER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (Doc. 1) and Amended Complaint (Doc. 13) filed by pro se Plaintiff Dwayne L. Calloway ("Calloway") (#715365). Calloway is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Calloway complains that he was denied adequate medical care and subjected to cruel and unusual punishment in violation of the Constitution.

Because Calloway cannot establish he suffered a constitutional violation regarding his medical care, or that he meets the physical injury requirement to recover compensatory damages with respect to his transport to the infirmary, Calloway's Complaint and Amended Complaint (Docs. 1, 13) should be DENIED and DISMISSED WITH PREJUDICE.

## I. Background

Calloway alleges that he slipped and fell in water in front of the shower at WCC, where there was no warning sign. Calloway was transported to the hospital.

(Doc. 1, p. 3).  After Calloway returned to WCC, he was administered ibuprofen.
Calloway alleges that he was provided with a wheelchair for two weeks and then
given crutches.  (Doc. 13, p. 3).  Calloway complains that his medication was
discontinued after three weeks.  (Doc. 13, p. 3).

Calloway acknowledges that he "only put in a few sick calls" for pain, but he
claims that "the infirmary medical staff is automatically suppose [sic] to make sure"
that Calloway had follow-up appointments.  (Doc. 13, p. 3).

In his Amended Complaint, Calloway also complains that he was transported
from the shower floor to the infirmary on a stretcher wearing boxer shorts and a coat
when it was around 40 degrees outside.  (Doc. 13, p. 3).

## II.  Law and Analysis

### A.  Calloway's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Calloway is a prisoner who has been granted leave to proceed in forma
pauperis.  (Doc. 7).  As a prisoner seeking redress from an officer or employee of a
governmental entity, Calloway's Complaint is subject to preliminary screening
pursuant to 28 U.S.C. § 1915A.  See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir.
1998) (per curiam).  Because he is proceeding in forma pauperis, Calloway's
Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and §
1915A(b) provide for sua sponte dismissal of the Complaint, or any portion thereof, if
the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief
may be granted, or if it seeks monetary relief against a defendant who is immune
from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B.    Calloway cannot show deliberate indifference to serious medical needs.**

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Calloway has not presented factual allegations indicating that Defendants ignored his complaints, refused to treat him, or intentionally treated him incorrectly. Calloway was transported to the hospital for an x-ray (Doc. 13), provided medication for three weeks (Doc. 13), provided a wheelchair for two weeks (Doc. 1), and then provided crutches for another week (Doc. 13). Calloway concedes that he only made

3

a few sick calls, and he does not allege that he made any sick calls once treatment was discontinued. (Doc. 13). Calloway clearly disagrees with the treatment he received. However, a prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. See Norton v. Dimanzana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

C.    **Calloway fails to allege a physical injury with regard to his discomfort.**

Calloway claims that he was cold because he was moved from the shower to the infirmary in his boxer shorts and a coat. (Doc. 13). "No federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e. The physical injury required by § 1997e(e) must be more than de minimis, but it need not be significant. See Harper v. Showers, 174 F.3d 716 (5th Cir. 1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997) (bruising and soreness for three days from guard twisting a prisoner's arm and ear was de minimis and would not support a claim for mental or emotional suffering)).

Calloway cannot recover damages for his discomfort during transport because he has not alleged a physical injury. See Harrison v. Smith, 83 F. App'x 630, 631 (5th Cir. 2003); Criollo v. Wilson, 76 F. App'x 576, 577–78 (5th Cir. 2003); Atkinson v. Johnson, 74 F. App'x 365, 366–67 (5th Cir. 2003); Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

### D.    Calloway cannot recover damages for his slip-and-fall.

To the extent Calloway seeks compensation for slipping on the wet floor, his claim fails.  Both the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit have held that "slip and fall" negligence claims are not cognizable under §1983.  See Daniels v. Williams, 474 U.S. 327 (1986); Smith v. Leonard, 242 F. App'x 139 (5th Cir. 2007); Marsh v. Jones, 53 F.3d 707, 711–712 (5th Cir. 1995) (inmate's alleged damages stemming from a slip-and-fall due to a leaky air conditioning unit not actionable under § 1983).

## III.    Conclusion

Because Calloway cannot establish that he suffered a constitutional violation regarding his medical care, or that he meets the physical injury requirement to recover compensatory damages for discomfort during transport, IT IS RECOMMENDED that Calloway's Complaint and Amended Complaint (Docs. 1, 13) be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this ____1st____ day of May, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

6